IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REYNOLDS INNOVATIONS INC., )
)
    Plaintiff, )
)
vs. )
) Civil Action No. 1:13-cv-1009
THEVAPORPRO, LLC d/b/a/ "THE )
VAPORPRO.COM"; ARTHUR C. )
PEFFER, JR., individually and d/b/a )
"THEVAPORPRO, LLC" and )
"THEVAPORPRO.COM"; NANCY J. )
PEFFER, individually and d/b/a )
"THEVAPORPRO, LLC" and )
"THEVAPORPRO.COM"; and )
AMBER C. PEFFER, individually and )
d/b/a "THEVAPORPRO, LLC" and )
"THEVAPORPRO.COM", )
)
)
    Defendants. )
)

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Reynolds Innovations Inc. ("RII") and Defendants (i) TheVaporPro, LLC d/b/a "TheVaporPro.com"; (ii) Arthur C. Peffer, Jr., individually and d/b/a "TheVaporPro, LLC" and "TheVaporPro.com"; (iii) Nancy J. Peffer, individually and d/b/a "TheVaporPro, LLC" and "TheVaporPro.com"; and (iv) Amber C. Peffer, individually and d/b/a "TheVaporPro, LLC" and "TheVaporPro.com" (collectively, "Defendants") have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent

Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. RII is a North Carolina corporation with a place of business at 401 North Main Street, Winston-Salem, North Carolina.

2. RII is a trademark holding company and subsidiary of R.J. Reynolds Tobacco Company. RII is the owner of distinctive trademarks, including but not limited to trademarks consisting of the word "CAMEL," alone or in conjunction with other words and designs, including depictions of a camel; trademarks consisting of the word "WINSTON," alone or in conjunction with design elements or other words; and trademarks consisting of the word "KOOL," alone or in conjunction with design elements or other words.

3. RII, through its predecessors-in-interest and affiliates, has used the CAMEL trademarks continuously for 100 years in connection with tobacco products, including but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII's predecessors-in-interest and/or to RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4. Reynolds has registered various versions of its CAMEL marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under,

*inter alia,* U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; 3,211,464; and 3,599,620. U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; and 3,211,464 have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5. Reynolds has used the WINSTON trademarks continuously for sixty-one (61) years in connection with tobacco products, including cigarettes.

6. Reynolds has registered various versions of its WINSTON marks on the Principal Register of the USPTO under, *inter alia,* U.S. Trademark Registration Nos. 636,355; 1,030,233; and 2,330,639. Each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "WINSTON Marks.")

7. Reynolds has used the KOOL trademarks continuously for eighty-two (82) years in connection with tobacco products, including cigarettes.

8. Reynolds has registered various versions of its KOOL marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 508,538; 747,482; 747,490; and 2,218,589. Each of these registrations has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "KOOL Marks.")

9. As a result of many years of continuous use and promotion of the CAMEL Marks, the WINSTON Marks and the KOOL Marks, RII's CAMEL Marks, WINSTON Marks and KOOL Marks have acquired a high degree of recognition throughout the United States as symbols of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks, the WINSTON Marks and the KOOL Marks, and identifies those marks with Reynolds. The CAMEL Marks, WINSTON Marks and KOOL Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

10. TheVaporPro LLC is a limited liability company organized under the laws of the State of Florida with a place of business in Coconut Creek, Florida.

11. Defendant Arthur C. Peffer is a resident of Coconut Creek, Florida, is a member and manager of TheVaporPro LLC, and directs and controls the business activities of TheVaporPro LLC.

12. Defendant Nancy J. Peffer is a resident of Coconut Creek, Florida, is a member and manager of TheVaporPro LLC, and directs and controls the business activities of TheVaporPro LLC.

13. Defendant Amber C. Peffer is a resident of Coconut Creek, Florida, is a member and manager of TheVaporPro LLC, and directs and controls the business activities of TheVaporPro LLC.

14. Defendants operate and control the website located at www.thevaporpro.com ("Defendants' Website"), through which Defendants advertise,

offer for sale, and flavored liquid nicotine products for use with electronic cigarettes and other products associated with electronic cigarettes.

15. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the CAMEL Marks, or colorable imitations of the CAMEL Marks that are confusingly similar to the CAMEL Marks.

16. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the WINSTON Marks, or colorable imitations of the WINSTON Marks that are confusingly similar to the WINSTON Marks.

17. Defendants advertised, sold, and distributed liquid nicotine products under or bearing the KOOL Marks, or colorable imitations of the KOOL Marks that are confusingly similar to the KOOL Marks.

18. On November 13, 2013, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleged claims for trademark infringement, unfair competition and false designation of origin, trademark dilution, and unfair and deceptive trade practices arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1 et seq.; and the common law of the State of North Carolina.

19. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendants to RII of a confidential amount of money.

20. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, this Court has subject matter jurisdiction over RII's claims against Defendants.

21. This Court has personal jurisdiction over Defendants because Defendants have each hereby submitted themselves to the jurisdiction of this Court. This Court also has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district. Defendants' Website is an interactive website that is accessible by Internet users in this district and offers goods to residents of North Carolina. The infringing products that Defendants offer under the CAMEL Marks, or colorable imitations thereof; the WINSTON Marks, or colorable imitations thereof; and the KOOL Marks, or colorable imitations thereof, and make available through Defendants' Website to purchasers in the United States, are capable of being ordered, and have been ordered, by purchasers in North Carolina, and are capable of being shipped, and have been shipped, to purchasers in North Carolina.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and their members, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

a) using, advertising, promoting, displaying, or making any use whatsoever of (i) the designation "CAMEL," or any colorable imitation of the CAMEL Marks; (ii) visual or graphic depictions of a camel or of camels; and (iii) the designation "WINSTON," or any colorable imitation of the WINSTON Marks (including but not limited to the designation "W STONIAN"); (iv) the designation "KOOL," or any colorable imitation of the KOOL Marks (including but not limited to the designation "COOL"); and (v) the following Reynolds trademarks or any colorable imitations thereof: BARCLAY, BELAIR, CAPRI, CARLTON, DORAL, ECLIPSE, GPC, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, SALEM, TAREYTON, VANTAGE, VUSE and VICEROY;

b) engaging in any other activity constituting an infringement of RII's trademarks; and

c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals erroneously to believe that Defendants are in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Defendants shall pay to RII the confidential amount of money agreed upon by the parties by the deadlines agreed upon by the parties.

3. RII and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. RII and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendants' obligations set forth in this Consent Judgment, RII's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the 10th day of Feb., 2014.

_____
Senior United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

CONSENTED AND AGREED TO:

PLAINTIFF:

REYNOLDS INNOVATIONS INC.

By: Michael J Madigan

Title: Secretary

Date: 1/6/14

DEFENDANTS:

THEVAPORPRO LLC

By: Nancy [signature]

Title: Owner

Date: 1/3/14

ARTHUR C. PEFFER, JR.

By: [signature]

Title: Member

Date: 1/3/14

NANCY J. PEFFER

By: [signature]

Title: Member

Date: 1/3/14

AMBER C. PEFFER

By: [signature]

Title: Member

Date: 1/3/14